**In re Christine M. (Marie) CLOSSON, Debtor.**

**Bankruptcy No. 2–87–05005.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 22, 1989.

Mitchel D. Cohen, M.D. Cohen Co., L.P.A., Columbus, Ohio, for debtor.

William B. Logan, Jr., Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, trustee.

Stephen A. Santangelo, Weltman, Weinberg & Associates Co., L.P.A., Columbus, Ohio, for Ford Motor Credit Co.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. Trustee.

### OPINION AND ORDER ON MOTION FOR TURNOVER

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion for Turnover ("Motion") filed by

William B. Logan, Jr., the duly-appointed trustee ("Trustee") in this Chapter 7 case. A memorandum in opposition to the Motion has been filed by Ford Motor Credit Company ("FMCC"). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(E). The following opinion and order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The Trustee's Motion arises against the following factual backdrop:

(1) On November 6, 1987, the debtor commenced a Chapter 7 bankruptcy proceeding by filing a voluntary petition with this Court;

(2) On July 6, 1988, the Trustee instituted an adversary proceeding in this Court (*Logan v. Ford Motor Credit Company, et al.*, Adv. Pro. No. 2–88–0193) seeking the recovery from FMCC and the debtor of an alleged preferential transfer. Specifically, the Trustee's complaint asserted that FMCC perfected a lien upon debtor's 1988 Mercury Tracer (the "Automobile") during the 90 days preceding the filing of debtor's bankruptcy petition. All elements of a preferential transfer were pleaded by the Trustee. Further, according to the Trustee's complaint, 11 U.S.C. § 547(c)(3)(B) would not shield FMCC's lien from avoidance inasmuch as FMCC failed to perfect its lien upon the Automobile within ten days after debtor took possession of the same;

(3) No answer or other pleading was filed in response to the Trustee's complaint;

(4) On October 12, 1988, the Trustee moved for a default judgment;

(5) Judgment by default was entered against FMCC and the debtor on October 21, 1988. The default judgment entry ("Judgment Entry") entered by the Court provided as follows: "[T]hat the lien of Ford Motor Credit Company is hereby avoided and preserved for the benefit of the bankruptcy estate, and by virtue of such avoidance and preservation, the plaintiff on behalf of the bankruptcy estate shall succeed to all rights of Ford Motor Credit Company as of the date of the filing of the bankruptcy petition." Judgment Entry at 2;

(6) On December 22, 1988, the adversary proceeding initiated by the Trustee was administratively closed by the Bankruptcy Clerk;

(7) On March 22, 1989, three months after the adversary proceeding was closed by the Clerk, the Trustee attempted to file a motion therein to amend the Judgment Entry. This motion requested that the Court modify the Judgment Entry and impose monetary damages against FMCC in the amount of $2,192.30, plus interest at the judgment rate. This sum represents the payments made by the debtor to FMCC following the date of the filing of the bankruptcy petition. Apparently, debtor continued making regularly scheduled payments under her note with FMCC which was secured by the Automobile, following the filing of her bankruptcy petition. Debtor entered into a reaffirmation agreement with FMCC with respect to the Automobile on January 4, 1988;

(8) On November 29, 1988, the Trustee filed the instant Motion. According to the Motion, the Trustee's judgment in the preference action entitles him to receive turnover of the following:

(a) the original certificate of title for the motor vehicle;

(b) a statement of all funds received by FMCC after the date of the filing of the bankruptcy petition (November 6, 1987) along with a check in the full amount of all payments made after that date;

(c) a statement as to whether the debtor is current in her payments on the note; and

(d) the original note from the debtor to FMCC; and

(9) On March 20, 1989, FMCC filed its memorandum in opposition to the Trustee's Motion. FMCC voluntarily turned over all the materials sought by the Trustee but refused to pay over the $2,199.30 in payments received by FMCC pursuant to the terms of its original contract with the debtor and the reaffirmation agreement executed by the parties. As stated above, this sum was received by FMCC subsequent to the petition date pursuant to the terms of its original contract with the debtor and the reaffirmation agreement entered into by FMCC and the debtor postpetition.

Based upon the preceding chronology of events, the Trustee argues an entitlement to the $2,199.30 in payments made by the debtor to FMCC postpetition ("Postpetition Payments"). According to the Trustee, because he successfully avoided FMCC's lien upon the Automobile, the Postpetition Payments are also recoverable. Two grounds are asserted in support of this argument. First, 11 U.S.C. § 551, the Trustee argues, clearly allows for recovery of the Postpetition Payments for the benefit of the estate. Second, the language of the Judgment Entry also establishes his right to recover the Postpetition Payments, the Trustee submits. Specifically, the Trustee cites the following portion of the Judgment Entry as providing a right of recovery:

> [T]he lien of Ford Motor Credit Company is hereby avoided and preserved for the benefit of the bankruptcy estate, and by virtue of such avoidance and preservation, the Plaintiff on behalf of the bankruptcy estate shall succeed to all rights of Ford Motor Credit Company as of the date of the filing of the bankruptcy petition.

Judgment Entry at 2.

In response to the Trustee's position, FMCC asserts several rejoinders. First, it notes that the Trustee's complaint filed in the preference action did not seek the recovery of the Postpetition Payments. It is therefore inappropriate, FMCC argues, for the Trustee to now seek to recover by way of a turnover motion amounts over and above those sought and awarded in the adversary proceeding. FMCC also challenges the language of the Judgment Entry relied upon by the Trustee. According to FMCC, the ambiguous language of the Judgment Entry does not grant the Trustee rights which he would not otherwise possess under the Bankruptcy Code. Finally, FMCC argues that the Trustee's reliance upon 11 U.S.C. § 551—which merely provides that a transfer avoided by the trustee is preserved for the benefit of the estate—is misplaced. Section 551, FMCC argues, does not grant the Trustee a right to recover the Postpetition Payments. Unless the Trustee can establish that the Postpetition Payments are recoverable pursuant to 11 U.S.C. § 549 or another avoiding power of the Code, FMCC posits, the Trustee may not recover the Postpetition Payments under authority of § 551.

Having reviewed the pleadings of record and heard the arguments of counsel, the Court finds the Trustee's position to be unsustainable. The Trustee, as the party asserting the affirmative—that is, a right to recover the Postpetition Payments—bears the burden of proof, or risk of nonpersuasion on this issue. *See generally, Lilienthal's Tobacco v. United States,* 97 U.S. 237, 24 L.Ed. 901 (1877); *Selma, Rome & Dalton R. Co. v. United States,* 139 U.S. 560, 11 S.Ct. 638, 35 L.Ed. 266 (1891); *Education Assistance Corp. v. Zellner,* 827 F.2d 1222, 1226 (8th Cir.1987). The Trustee did not meet that burden here. Absolutely no authority was offered to support the expansive interpretation of 11 U.S.C. § 551 urged by the Trustee. This alone is sufficient to defeat his Motion. Moreover, the Trustee's argument ignores 11 U.S.C. § 550, which limits the extent of recovery from the transferee of an avoided transfer (in this case FMCC) to the value of the property transferred—the Automobile. This subsection of the Code directly refutes the broad interpretation of 11 U.S.C. § 551 asserted by the Trustee.

Furthermore, FMCC is correct in asserting that the Trustee's avoidance of the lien does not automatically create a right of recovery of the payments made under the contract between debtor and the lienholder

—FMCC. The Trustee bears the burden of establishing a right to recover the Postpetition Payments—either pursuant to 11 U.S.C. § 549 or some other Code provision—which is independent from the right of avoidance granted by 11 U.S.C. § 547. Again, the Trustee failed to make such a showing.

Finally, the Trustee's reliance upon the language of the Judgment Entry is likewise unavailing. The ambiguous language of the Judgment Entry, which was drafted by the Trustee, clearly cannot confer substantive rights not otherwise granted by the Bankruptcy Code or the decisional law. Accordingly, the Court concludes that the Trustee's Motion is not well-taken and should be denied.

Based upon the foregoing, the Motion for Turnover Order against Ford Motor Credit Company is hereby DENIED.

IT IS SO ORDERED.