**In re Donald H. ALBRECHT, Debtor.**

**Tom H. Connolly, Trustee, Appellant.**

**BAP No. WY–99–058.**
**Bankruptcy No. 97–20252**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 7, 2000.

12. Order (May 27, 1998), attached as Exhibit 13 to Appellants' Notice of Filing Copies of

Record on Appeal, Clerk's Docket No. 3.

Andrew W. Caine of Pachulski, Stang, Ziehl & Young, P.C., Los Angeles, California, for Appellant.

Before PUSATERI, BOULDEN, and ROBINSON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

Appellant Pachulski, Stang, Ziehl & Young, P.C., appeals from the order of the bankruptcy court denying its application for attorneys fees and for approval of stipulation with the United States Trustee. For the reasons set forth below, we AFFIRM.

## I. Background.

Donald Albrecht (the Debtor) filed a voluntary petition under Chapter 11 on July 16, 1996, in the Central District of California. The case was transferred to the District of Wyoming on March 5, 1997. A Chapter 11 Trustee (the Trustee) was appointed on or about May 13, 1997. On May 23, the Trustee filed an application to employ the law firm of Pachulski, Stang, Ziehl & Young, P.C. (the Firm), which was located in Los Angeles, California, as general and litigation counsel. The application stated that the Firm had commenced services for the Trustee on May 12, 1997,

and requested the appointment be nunc pro tunc to that date.

On June 2, 1997, the bankruptcy court entered an order denying employment of the Firm, finding that experienced Wyoming counsel could be found to handle the issues in the case.[1] The court found that the Firm's proposed hourly rates were excessive for a Wyoming case and within the general locality.[2] The court also expressed concern about travel expenses that would be incurred by the Firm, as well as the potential for duplication of effort if both out-of-state counsel and local counsel were employed. The court specifically denied employment nunc pro tunc to the date of the Trustee's employment. Despite this order, the Firm continued to perform general counsel services for the Trustee through June 19, 1997. The Firm did not appeal the order denying employment.

Based upon an amended application filed in July 1997, the bankruptcy court approved employment of the Firm as special counsel to handle only California-related matters, effective August 7, 1997. The court approved and awarded fees associated with that appointment.[3]

In April 1999, the Firm filed an application for fees and expenses for the period from May 12, 1997, through June 19, 1997, the initial weeks of the case after it was transferred to Wyoming and for which the Firm was ultimately not employed. The Firm sought fees in the amount of $33,282.81 and expenses in the amount of $8,788.95, for a total award of $42,071.76. In its application, the Firm sought fees pursuant to 11 U.S.C. § 330,[4] and in the alternative, § 503(b). The United States

1. The bankruptcy court noted that there were two pending Debtor-related cases where the Chapter 11 trustees were able to find competent Wyoming counsel who apparently had "sufficient capacity and experience in multijurisdictional cases with complex issues."

2. The hourly rate of the Firm's lead counsel, Andrew Caine, was $295.00.

3. The Firm filed its First Interim Fee Application on January 27, 1998, for the period from

August 7 to December 31, 1997. Fees of $18,762.81 and costs of $895.75 were allowed. The Second Interim Fee Application was filed on December 7, 1998, for the period from January 1 to October 31, 1998. Fees of $30,070.24 and costs of $7,950.00 were allowed.

4. Future references are to Title 11 of the United States Code unless otherwise noted.

Trustee objected, but later withdrew its objection because the Firm agreed to a 10% reduction in the amount of fees sought. The parties requested court approval of a stipulation resolving the Firm's application.

The bankruptcy court denied both the Firm's application for fees and request for approval of the stipulation. The court held that § 330 provided no authority for an allowance of fees because the Firm's employment was not approved under § 327, and that § 503(b)(3) and (4) were inapplicable as the Firm was never counsel for a creditor. The court further denied the Firm's fees under § 503(b)(1)(A), holding that the latter provision is not intended to provide for fees of professionals whom the court previously declined to appoint under § 327. The court stated:

> The language of §§ 327, 330 and 503(b)(2), when read together, provide a clear statutory scheme by which professionals are compensated. To ignore these provisions, which refer one to the other, subverts the intent of the Code. If the court were to now ignore its own order denying the employment of [the Firm] and allow the fees anyway, the whole point of the order is lost.

This appeal followed.

## II. Appellate Jurisdiction.

This Court, with the consent of the parties, has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under this standard, we have jurisdiction over this appeal. The appellant has consented to this Court's jurisdiction in that it has not opted to have the appeal heard by the United States District Court for the District of Wyoming.

*Id.* § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). The appeal was filed timely by the Firm, and the bankruptcy court's Order is "final" within the meaning of § 158(a)(1). *See* Fed. R. Bankr.P. 8001–8002.

## III. Standard of Review.

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

A bankruptcy court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion or erroneous application of the law. *Gray v. English,* 30 F.3d 1319, 1321 (10th Cir. 1994); *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.),* 997 F.2d 1321, 1323–24 (10th Cir. 1993).[5] *See also Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.),* 210 B.R. 844, 846 (10th Cir. BAP 1997). "However, any statutory interpretation or other legal analysis underlying the [trial court's] decision concerning attorney fees is reviewed de novo." *Octagon Resources, Inc. v. Bonnett Resources Corp. (In re Meridian Reserve, Inc.),* 87 F.3d 406, 409 (10th Cir.1996). We review the bankruptcy court's refusal to approve the Firm's stipulation with the United States Trustee for abuse of discretion. *Reiss v. Hagmann,* 881 F.2d 890 (10th Cir.1989).

**5.** In *Lederman,* the Tenth Circuit: 1) applied de novo review to the issue of whether the bankruptcy court applied the appropriate legal standard under former § 330; 2) applied a clearly erroneous standard to the bankruptcy court's factual finding that the services rendered did not benefit the estate; and 3) applied an abuse of discretion standard in determining whether the bankruptcy court erred in refusing to award fees for unnecessary work.

## IV. Discussion.

The issue presented is whether a law firm denied appointment as a professional under § 327(a) may recover compensation under § 503(b)(1)(A) for services it rendered prior to and during the time that its application for employment was pending and after the application was disallowed.

Section 330(a)(1) provides, in relevant part, that:

[T]he court may award to ... a professional person employed under section 327 ... -

(A) reasonable compensation for actual, necessary services rendered by the ... professional person ...; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

Section 327(a), in turn, provides that:

[T]he trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

The Firm does not contend that it may receive compensation under § 330, its employment not having been approved by the court under § 327(a). Instead, it asserts that its fees and expenses should be allowed under § 503(b)(1)(A), which permits priority payment as an administrative expense of "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). The Firm contends that the services it provided to the Trustee during the first six weeks of the case were actual and necessary and helped preserve the estate for the benefit of the creditors.

The majority of case law holds that § 503(b)(1)(A) cannot serve as a basis for awarding fees to professional where employment was denied under § 327(a). *See Cushman & Wakefield, Inc. v. Keren Ltd. Partnership (In re Keren Ltd. Partnership),* 189 F.3d 86 (2d Cir.1999); *F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.),* 844 F.2d 99 (3d Cir.1988); *Shapiro Buchman L.L.P. v. Gore Bros. (In re Monument Auto Detail, Inc.),* 226 B.R. 219 (9th Cir. BAP 1998); *McCutchen, Doyle, Brown & Enersen v. Official Comm. of Unsecured Creditors (In re Weibel, Inc.),* 176 B.R. 209 (9th Cir. BAP 1994); *In re Marshall,* 211 B.R. 662, 664 (Bankr.D.Minn.1997) (citing *Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir.1986)); *In re Channel 2 Assocs.,* 88 B.R. 351 (Bankr.D.N.M.1988). *But see Goodman v. Phillip R. Curtis Enters., Inc. (In re Goodman),* 809 F.2d 228, 231 n. 4 (4th Cir.1987) (noting a professional fee may qualify as an administrative expense, if at all, under § 503(b)(1)(A)); *In re EWC, Inc.,* 138 B.R. 276, 283 (Bankr.W.D.Okla. 1992) (recognizing partial compensation may be allowable under § 503(b)(1)(A), but that professionals should not regard this as a "license to sidestep" the requirements of §§ 327(a) and 330(a)). As there is no controlling law from the Tenth Circuit, the Firm urges the Court to adopt the reasoning of recent Wisconsin cases awarding compensation for services provided prior to a court's denial of an employment application, and criticizing the "unduly rigid" position taken by the cases holding otherwise. *In re Milwaukee Boiler Mfg. Co.,* 232 B.R. 122 (Bankr.E.D.Wis.1999); *In re Milwaukee Engraving Co.,* 230 B.R. 370 (Bankr.E.D.Wis.1998).

We adopt the majority position. As the court stated in *F/S Airlease:*

The authority to pay administrative expenses for professionals ... is found not in section 503(b)(1)(A) but in section 503(b)(2)[,] which permits payment as an administrative expense for "compensation and reimbursement awarded under section 330(a)." Section 330(a), in turn, empowers the court to award "reason-

able compensation" to . . . a "professional person employed under section 327." Because [the attorney] is a professional person who was hired to "assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties," see 11 U.S.C. § 327(a), and he failed to comply with that section's requirement to obtain prior approval of his appointment, he cannot rely on section 503(b)(1)(A) as a way of circumventing section 327(a). If [the attorney] were able to be compensated under section 503(b)(1)(A), it would render section 327(a) nugatory and would contravene Congress' intent in providing for prior approval.

844 F.2d at 108 (citation omitted; fifth and sixth alterations in original). The bankruptcy court held in its order denying fees that "[t]he language of §§ 327, 330 and 503(b)(2), when read together, provide a clear statutory scheme by which professionals are compensated. To ignore these provisions which refer one to the other, subverts the intent of the Code." We agree.

The Firm argues that the majority opinions are distinguishable because the attorneys in those cases were denied employment based on lack of disinterestedness, while the Firm was denied employment based on its location and excessive hourly rates. We do not agree that this factual distinction results in a different legal conclusion. Although lack of disinterestedness is a mandatory ground for denial of employment under § 327(a), the bankruptcy court also has broad discretion over appointment of professionals, and, within that discretion, must consider factors such as the efficient, expeditious, and economical resolution of the case. *Harold & Williams Dev. Co. v. United States Trustee (In re Harold & Williams Dev. Co.)*, 977 F.2d 906, 910 (4th Cir.1992). The Firm's distinction presupposes that denial of fees under these circumstances is punitive, when in fact it is to protect the estate. A professional without approval of employment under § 327(a), regardless of the

underlying grounds for denial, cannot seek compensation under § 503(b)(1)(A).

In the cases cited by the Firm, the courts found an equitable exception in § 503(b)(1)(A) to the requirement of appointment under § 327(a). In *Milwaukee Engraving, Inc.*, the court cited a Seventh Circuit opinion that acknowledged the possibility that § 503

"could be used as a safety valve to relieve the rigidity of section 330 in cases in which it would be highly inequitable to deny a lawyer all compensation for services that had conferred a benefit on the debtor's estate and hence on the unsecured creditors." [*In re Grabill Corp.*, 983 F.2d 773, 777 (7th Cir.1993).]

According to the *Grabill* court, to qualify for such an award, the claimant would have to seek approval of its employment as promptly as possible, perform critical services that could not be deferred, and have no reason to believe that it would not qualify for employment. *Id.* 230 B.R. at 373. Following *Grabill*, the court in *Milwaukee Engraving* held it possible that an award based in equity could be made in an appropriate case. *Id.*

While the results in the *Milwaukee* cases may have been based on the perceived inequity of denying compensation for services rendered, we find the results to be in contravention of the language of the Code. "[A]ny professional not obtaining approval is simply considered a volunteer if it seeks payment from the estate." *Interwest Bus. Equip., Inc. v. United States Trustee (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 318 (10th Cir. 1994) (citing 2 *Collier on Bankruptcy* ¶ 327.02, at 327–10 (15th ed.1993)). *Cf. Land v. First Nat'l Bank (In re Land)*, 943 F.2d 1265, 1267–68 (10th Cir.1991) (return of compensation appropriate if attorney fails to obtain court approval of employment). Admittedly, this is oftentimes a harsh rule. As Collier states, however,

A professional failing to comply with the requirements of the Code or Bankruptcy Rules may forfeit the right to

compensation.... The services ... should be performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the person rendering such services may be considered an officious intermeddler or a gratuitous volunteer. 3 *Collier on Bankruptcy* ¶ 327.03[2][b], at 327–17 (Lawrence P. King ed., 15th ed. rev.1999) (footnote omitted).

 Even if the Court was inclined to use § 503 as a safety valve, equity is not on the side of the Firm. This case was on file in California for eight months prior to transfer to Wyoming. The timing of the Firm's services shows that the work performed was more than just stop-gap, emergency measures. The fee application indicates that the Firm started work for the Trustee prior to his official appointment and continued for two weeks after the bankruptcy court denied the application to employ the Firm, which was not filed until ten days after the Trustee's appointment. Although the Firm contends it had no reason to believe it would not qualify for employment, that is the risk any attorney bears when he or she undertakes work prior to obtaining court approval for employment. *Interwest*, 23 F.3d at 318.

We further reject the Firm's argument that the bankruptcy court abused its discretion in refusing to accept the parties' stipulation. The Firm argues that, since the United States Trustee withdrew its objection to the fee application and no parties objected to the stipulation, the court should not have imposed its own views of the merits of the underlying dispute on the parties' determination to compromise. We disagree. While a bankruptcy court may consider the opinions of the parties that a settlement is fair and equitable, the court must ultimately make an independent determination when approving a settlement. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y.1994). Further, the Firm's argument fails to acknowledge that the bankruptcy court has an independent duty to review professional fee applications, even if no party in interest objects. *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir.1994); *In re Cascade Oil Co.*, 126 B.R. 99 (D.Kan. 1991). The court correctly concluded that it could not approve a stipulation in contravention of the law, regardless of whether the parties were in agreement.

## V. Conclusion.

For the reasons set forth above, the order of the bankruptcy court is AFFIRMED.