**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:

DONALD H. ALBRECHT,

    Debtor.

No. 00-8022

---

PACHULSKI, STANG, ZIEHL, &
YOUNG, P.C.,

    Movant-Appellant.

---

**APPEAL FROM THE UNITED STATES**
**BANKRUPTCY APPELLATE PANEL**
**FOR THE TENTH CIRCUIT**
**(BAP No. WY-99-058)**
**(Bankr. No. 97-20252)**

---

Submitted on the brief:

Andrew W. Caine of Pachulski, Stang, Ziehl, Young & Jones, P.C., Los Angeles,
California, for Appellant.

---

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

The law firm of Pachulski, Stang, Ziehl, & Young, P.C. (hereinafter "PSZ&Y" or "the law firm"), special counsel to Tom H. Connolly, trustee for the estate of Donald Albrecht, appeals from an order of the Bankruptcy Appellate Panel (BAP) for the Tenth Circuit. The BAP affirmed the bankruptcy court's August 2, 1999 order denying PSZ&Y's interim application for attorney fees and expenses and its concomitant request for approval of a fee stipulation between the law firm and the office of the United States Trustee. Our jurisdiction arises under 28 U.S.C. §§ 158(d) and 1291, and we affirm.[1]

The facts are fully set out in the BAP opinion, see *In re Albrecht*, 245 B.R. 666 (B.A.P. 10th Cir. 2000), but we summarize them briefly as follows. The trustee employed PSZ&Y on May 12 or 13, 1997, immediately upon his appointment in Mr. Albrecht's Chapter 11 bankruptcy. The law firm straightaway began legal representation on the trustee's behalf despite the bankruptcy code requirement that the trustee employ professionals only with the bankruptcy court's approval[2] and its provision for compensation to those

---

[1] After examining the appellant's brief and appellate record, this panel has determined unanimously to grant appellant's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] 11 U.S.C. § 327(a) ("Except as otherwise provided . . . the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this

professionals employed with that approval. [3] The trustee justified his decision to have PSZ&Y begin work immediately and before the court had approved its employment by his belief that "the analysis, digestion, formulation of strategy, and action on [several issues arising before his appointment] required the immediate and substantial services of the firm." Appellant's App. Doc. 13, Declaration of Tom H. Connolly, at 2. The trustee filed an application for PSZ&Y's employment ten days later, but on June 2, 1997, the bankruptcy court denied approval, both as general and as interim counsel for the trustee. In doing so, the court concluded that "[t]he trustee has alleged no circumstances in this case to justify an order avoiding the usual dictates of the law surrounding [11 U.S.C.] § 327 and retroactive employment." *Id.* Doc. 2, at 4. Neither the trustee nor PSZ&Y appealed from that order.

In August 1997 the trustee filed, and the bankruptcy court approved, an amended application for PSZ&Y's employment as special California counsel and the court later awarded fees associated with that employment. Subsequently, PSZ&Y filed an interim application for fees and expenses for the work it

---

[2](...continued)
title.").

[3]    11 U.S.C. § 330 (a)(1) (providing that "the court may award to a . . . professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered by the . . . attorney . . . [as well as] reimbursement for actual, necessary expenses.").

-3-

performed in May and June 1997, citing 11 U.S.C. § 330 and, in the alternative, 11 U.S.C. § 503(b)(1)(A). Section 503(b)(1)(A) provides for payment of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." The bankruptcy court denied the application, holding that, because it had already concluded that the unauthorized services PSZ&Y performed in May and June 1997 were not retroactively warranted on equitable grounds, the law firm could not recover under either statute. While the bankruptcy court recognized that there may be situations in which pre-court-approval fees may be equitably awarded under § 503(b)(1)(A), it distinguished a case cited by appellant, *see In re Mehdipour*, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996), *aff'd*, 139 F.3d 1303 (9th Cir. 1998), because the court in that case found that the professionals had satisfied the requirements for interim employment under § 327. *See* Appellant's App. Doc. 18, at 5. The bankruptcy court concluded that PSZ&Y had not satisfied the requirements of § 327 in part because the work performed was "more than just stop-gap, emergency measures." *Id.* PSZ&Y appealed to the BAP, which affirmed the bankruptcy court. PSZ&Y now appeals from the BAP's decision.

In our review of BAP decisions, we independently review the bankruptcy court decision. *See* 28 U.S.C. § 158(c)(2); *Phillips v. White (In re White)*, 25

-4-

F.3d 931, 933 (10th Cir. 1994). There are no factual disputes and the issues on appeal pertain to the proper application of bankruptcy statutes and interpretation of case law; thus our review is *de novo*. *Octagon Res., Inc. v. Bonnett Res. Corp. (In re Meridian Reserve, Inc.)*, 87 F.3d 406, 409 (10th Cir. 1996). The issues raised are very narrow. The first is "whether a law firm [that has been] denied [post facto [4]] appointment as a professional under § 327(a) may [nonetheless] recover compensation under § 503(b)(1)(A) for services it rendered prior to and during the time that its application for employment was pending and after the application was disallowed." *In re Albrecht*, 245 B.R. at 670. It is one of first impression in this Circuit. The second is whether the bankruptcy court abused its discretion when it refused to approve a stipulation between the United States Trustee and PSZ&Y regarding attorney fees the law firm claimed for the relevant time period. We have carefully reviewed the record, PSZ&Y's brief, the law, and the BAP's excellent opinion. We sustain the bankruptcy court on both issues for substantially the same reasons set forth in the BAP's opinion, which we affirm and adopt as our own, with further comment.

---

[4] Although the bankruptcy court and our prior cases have characterized applications requesting retroactive court approval of employment performed prior to judicial approval under § 327 as those requesting "nunc pro tunc" approval, we agree that the more appropriate term is "post facto." *See In re Jarvis*, 53 F.3d 416, 418 n.2 (1st Cir. 1995).

In regard to the first issue, PSZ&Y focuses on the inequity it claims resulted from the bankruptcy court's denial of attorney fees for the time period before the court approved its employment as special counsel for the trustee. Citing *Land v. First National Bank of Alamosa (In re Land)*, 943 F.2d 1265 (10th Cir. 1991), the bankruptcy court assumed that it had the authority to approve post facto PSZ&Y'S employment and noted that PSZ&Y may have recovered the unauthorized attorney fees if the bankruptcy court had determined in its first order that extraordinary circumstances existed warranting such employment. *Cf. id.* at 1267-68 & n.2 (affirming denial of post-facto application for employment and noting that courts are divided on issue of whether bankruptcy court has authority to approve post-facto attorney employment, but not deciding issue); *In re Jarvis*, 53 F.3d 416, 419-20 (1st Cir. 1995) (joining Third, Seventh, and Ninth Circuits in holding that bankruptcy courts have equitable power to entertain and approve applications for attorney employment and fees earned before formal court approval of attorney employment); *see also In re Keren Ltd. P'ship*, 189 F.3d 86, 87-88 (2nd Cir. 1999) (citing *In re Jarvis, supra,* favorably for proposition that bankruptcy court has that equitable power); *Fanelli v. Hensley (In re Triangle Chems., Inc.)*, 697 F.2d 1280, 1286-89 (5th Cir. 1983) (analyzing cases and statutes and holding that bankruptcy courts have equitable power to retroactively

approve employment upon a proper showing that all other requirements for employment under § 327 were met).

As mentioned above, however, the bankruptcy court in its first order expressly held that the trustee failed to establish those extraordinary circumstances and denied post-facto approval of employment under § 327 for this interim period. PSZ&Y did not challenge this order on appeal, never received approval for employment for this period, and is now bound by the court's decision. *Cf. Cotton v. Heyman*, 63 F.3d 1115, 1118 (D.C. Cir. 1995) (holding that, under the doctrine of direct estoppel, a defendant can not relitigate in a separate proceeding an unappealed-from ultimate factual finding in a prior proceeding). The bankruptcy court properly refused to award fees using § 503(b)(1)(A) as an equitable remedy.

We also note that the legal authority upon which PSZ&Y most heavily relies on appeal has been expressly overruled. *In re Milwaukee Engraving Co.*, 219 F.3d 635 (7th Cir. 2000). The Seventh Circuit held that § 503(b)(1)(A) cannot be equitably used to defeat the requirements of § 327, relying in part on the principle that "'[b]ankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law.'" *Id.* at 637 (quoting *Raleigh v. Ill. Dep't of Revenue*, __ U.S. __, __, 120 S. Ct. 1951, 1957 (2000)). As further support for its decision, the Seventh Circuit cited our BAP's opinion in the instant

case.  *See id.* at 639.  For these reasons and those set forth in the BAP opinion, we hold that the bankruptcy court did not err in denying PSZ&Y's interim application for fees under § 503(b)(1)(A) and did not abuse its discretion in refusing to approve the fee stipulation.

AFFIRMED.