**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

STEPHEN J. MERRILL, doing
business as Merrill & Associates
and as Key Energy Resources, Inc.,
formerly doing business as Merrill
& Merrill and as Horizon Exploration,
Inc.,

       Debtor.

LORI ANN MERRILL, Individually
and as Parent and Next Friend of April
Michelle Merrill,

       Plaintiff-Appellee,

v.

STEPHEN J. MERRILL,

       Defendant-Appellant.

No.  00-5201
(BAP No. 00-23)
(Bankr. No. 99-01456-M)
(Adv. No. 99-0132-M)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the appellant's brief and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtor-defendant Stephen J. Merrill appeals from an order of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's order denying discharge of debts owed to his former wife, plaintiff-appellee Lori Ann Merrill, in his Chapter 7 bankruptcy core proceeding. See Merrill v. Merrill (In re Merrill), 252 B.R. 497 (B.A.P. 10th Cir. 2000). Our jurisdiction arises from 28 U.S.C. § 158(d) and we affirm.

The debts in dispute are of two kinds: (1) funds debtor was ordered to pay to plaintiff in their state court divorce proceeding, including payments for two types of insurance, and (2) a $9,000 debt for amounts debtor withdrew from a trust account held in the name of the parties' daughter. The bankruptcy court held that the payments ordered by the divorce court, including the insurance payments, were not subject to discharge in bankruptcy because they constituted spousal support alimony, which is not dischargeable, pursuant to 11 U.S.C. § 523(a)(5). Merrill v. Merrill (In re Merrill), 246 B.R. 906, 916-18 (Bankr. N.D. Okla. 2000). The bankruptcy court further held that the trust funds were also not

subject to discharge, applying § 523(a)(4), which denies a discharge "for fraud or defalcation while acting in a fiduciary capacity." Id. at 922. The BAP affirmed those holdings.

On appeal, debtor argues that the funds for alimony support he was ordered to pay to the plaintiff were not for plaintiff's support, but rather, were for a property settlement, which is dischargeable. He also claims the debt for the insurance policies is dischargeable because the policies were unnecessary, and therefore did not contribute to plaintiff's support. As for the funds withdrawn from the daughter's trust account, debtor maintains that he acted appropriately and legally under the Oklahoma Uniform Transfers to Minors Act, Okla. Stat. tit. 58, § 1201-1226, by investing those funds, even though the investment ultimately failed and the funds were lost. Accordingly, debtor argues that he did not commit fraud or defalcation and the debt is dischargeable.

"In our review of BAP decisions, we independently review the bankruptcy court decision." In re Albrecht , 233 F.3d 1258, 1260 (10th Cir. 2000). Legal determinations are reviewed de novo, Stewart v. United States Trustee (In re Stewart) , 175 F.3d 796, 803 (10th Cir. 1999), while findings of fact are reviewed for clear error, Sampson v. Sampson (In re Sampson) , 997 F.2d 717, 721 (10th Cir. 1993).

We have carefully reviewed the record on appeal, as well as the brief submitted by debtor. Applying the standards set out above, we hold that the bankruptcy court correctly denied the discharges in bankruptcy and we therefore affirm the bankruptcy court's judgment for substantially the same reasons as those stated in the BAP's September 1, 2000 opinion.

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge