**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: CURTIS WESLEY GARRETT;
JANET LAVERNE GARRETT,

Debtors.

_____

CURTIS WESLEY GARRETT;
JANET LAVERNE GARRETT,

Plaintiffs-Appellants,

v.

NEBRASKA HIGHER EDUCATION
LOAN PROGRAM, INC.,

Defendant-Appellee.

No. 02-6304
(BAP No. WO-02-27)
(BAP)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Curtis Wesley and Janet Laverne Garrett (Debtors) appeal from the decision of the Bankruptcy Appellate Panel (BAP) holding that the bankruptcy court properly denied them a discharge of their student loan debts because they failed to satisfy the "undue hardship" exception under 11 U.S.C. § 523(a)(8). We exercise jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm.

The BAP opinion fully sets out the relevant facts and issues raised in this appeal and we need not repeat them here. "In our review of BAP decisions, we independently review the bankruptcy court decision." *In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000). We apply a de novo standard of review to its conclusions of law. *Id.*; *In re Woodcock*, 45 F. 3d 363, 367 (10th Cir. 1995) (noting that we review de novo the question whether loans are dischargeable under the undue hardship exception). But the issue raised here challenges the bankruptcy court's findings as to the Debtors' circumstances. "Unless the bankruptcy court's findings of fact are clearly erroneous, we must embrace them." *Turney v. FDIC*, 18 F.3d 865, 868 (10th Cir. 1994).

The parties did not question the applicable law below. Debtors continue to assert that the bankruptcy court's factual finding that the Debtors' monthly income is sufficient to enable them to maintain a minimal standard of living as

well as to repay the $44,500 student-loan debt is an abuse of discretion because some evidence in the record supports their claim that they are not able to maintain a minimal standard of living and repay the debt. But that assertion does not state the proper standard of review. As the BAP pointed out, the bankruptcy court's finding must be upheld unless it is clearly erroneous. That means that we must accept the bankruptcy court's determination unless it is "completely devoid of minimum evidentiary support displaying some hue of credibility, or [] bears no rational relationship to the supportive evidentiary data." *Gillman v. Scientific Res. Prods., Inc. (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 555 (10th Cir. 1995) (quotations omitted).

We have carefully considered the record, the applicable law, and the arguments of the parties. For substantially the same reasons stated in the BAP opinion filed August 21, 2002, we conclude that the bankruptcy court's findings of fact are not clearly erroneous and that its decision must be upheld.

The judgment of the United States Bankruptcy Appellate Panel is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge