**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  JON STERLING WOMACK;
CYNTHIA ANN WOMACK,

Debtors,

_____

VERLIN A. INGRAM; ROBERT
BROWN,

Plaintiffs-Appellees,

v.

JON STERLING WOMACK,

Defendant-Appellant.

No. 04-3074
(BAP No. KS-03-041)
(BAP)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Attorney Jon Sterling Womack, proceeding pro se, appeals the decision of the Bankruptcy Appellate Panel of the Tenth Circuit (BAP) that certain amounts he owes to his former law partner are non-dischargeable in bankruptcy. Taking jurisdiction under 28 U.S.C. § 158(d), we affirm.

I.

Mr. Womack and Verlin Ingram engaged in the practice of law in two separate partnerships before Mr. Womack and his wife filed a Chapter 13 bankruptcy proceeding. In May 1998, the bankruptcy court granted Mr. Ingram's motion for relief from the automatic stay, allowing Mr. Ingram to bring a Kansas state court action to dissolve the partnerships (the State Case). At the time, both Mr. Ingram and Mr. Womack held, or anticipated receiving, attorneys' fees and expense reimbursements that arguably would be owed to the other at the resolution of the State Case.

On February 4, 1999, the Kansas state court denied Mr. Ingram's motion for a receiver to hold the monies potentially impacted by the State Case. Instead, the court issued a restraining order against both Mr. Womack and Mr. Ingram, directing them to hold, pending further order of the court, any and all fees and expense reimbursements generated from certain listed cases.

Although Mr. Womack and Mr. Ingram reached agreement on how to split the disputed fees and reimbursements in a July 1999 mediation, they could not agree on language for a journal entry that would finally conclude the State Case. Before judgment was entered in the State Case, "[Mr.] Womack took and spent all of the disputed fees which he held in his trust account or otherwise received, a clear violation of the Court's restraining order." Aplt. App. at 9.

In light of the parties' inability to agree on a journal entry, the Kansas court held a hearing and accepted the settlement. In a judgment dated July 13, 2001 (the State Judgment), it found that Mr. Womack owed Mr. Ingram $40,224.84 for partnership-related fees and expenses. It further found Mr. Womack in civil contempt of court for his violation of the restraining order, and held that Mr. Ingram was entitled to an additional $12,123.10 for attorneys' fees and expenses he incurred due to Mr. Womack's contempt.

On or about September 24, 2002, Mr. and Mrs. Womack converted their Chapter 13 case to a Chapter 7 case. Mr. Womack listed Mr. Ingram as an unsecured creditor in the amount of $40,225.00, and Mr. Ingram's attorney, Robert Brown, as an unsecured creditor in the amount of $11,150.00. Citing the exceptions to discharge provided by 11 U.S.C. §§ 523(a)(4) and 523(a)(6), Mr. Ingram and Mr. Brown objected to the discharge of the State Judgment. The

bankruptcy court declared that the State Judgment was not dischargeable under § 523(a)(4), and the BAP affirmed. Mr. Womack appeals.

II.

"In our review of BAP decisions, we independently review the bankruptcy court decision." *In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000). When considering whether a creditor has established the elements of § 523(a)(4), our review is de novo. *In re Young*, 91 F.3d 1367, 1371 (10th Cir. 1996).

We have carefully reviewed the record on appeal, as well as the briefs submitted by Mr. Womack and Mr. Ingram. Applying the standards set out above, we hold that the bankruptcy court correctly denied the discharge in bankruptcy, and we therefore AFFIRM the bankruptcy court's judgment for substantially the same reasons as those stated by the BAP in its February 4, 2004 order and judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge