In re Charles Lawrence BORN, also known as C L Born, and Lorraine Anne Born, also known as Lori Born, Debtors.

Edward J. Nazar, Trustee,
Plaintiff–Appellant,

v.

North American Savings Bank FSB, Charles Lawrence Born, and Lorraine Anne Born, Defendants–Appellees.

BAP No. KS–06–018.
Bankruptcy No. 04–14382–7.
Adversary No. 05–5067.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Nov. 28, 2006.

Nicholas R. Grillot, Redmond & Nazar, LLP, Wichita, KS, for Plaintiff–Appellant.

Linda S. Mock, Shapiro and Reid, Overland Park, KS, for Defendant–Appellee North American Savings Bank, FSB.

Before CLARK, CORNISH, and MICHAEL, Bankruptcy Judges.

## OPINION

MICHAEL, Bankruptcy Judge.

In this appeal, we are asked to determine the rights of a trustee when he or she avoids a lien upon property of the bankruptcy estate. The obvious answer is that the trustee holds the lien upon the property, and may foreclose on that lien for the benefit of the estate. In this case, notwithstanding the avoidance of the lien, the debtors continued paying the underlying claim. The trustee claims that, under these facts, his lien extends to the income stream generated as a result of the debtors' payments, and that he is entitled to his proportionate share of those funds. The bankruptcy court disagreed. The trustee appeals. We affirm.

## I. Factual Background

Charles Born and Lorraine Born ("Debtors") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on August 6, 2004. At the time of their filing, Debtors were indebted to North American Savings Bank ("Bank"). Bank's claim was secured by a lien upon certain real estate and a mobile home located thereon. The lien upon the real estate was properly perfected; the lien upon the mobile home was not.

Notwithstanding the filing of the bankruptcy case, Debtors wished to retain the real estate and the mobile home. To that end, the Debtors continued to make payments under the terms of their loan agreement with the Bank. Debtors have not executed any manner of reaffirmation agreement with respect to this debt, nor has the Bank required any such agreement; instead, it has been happy to see the Debtors continue to make their payments.

Upon the filing of the Chapter 7 case, Edward J. Nazar ("Trustee" or "Nazar") was appointed to serve as trustee. Nazar investigated the financial affairs of the Debtors and determined that Bank did not hold a perfected lien upon the mobile home. He then filed an adversary proceeding to avoid that lien. As part of this litigation, Nazar obtained an order requiring Debtors to make their monthly payments to him pending the outcome of the adversary proceeding. Bank did not contest the avoidance of its lien upon the mobile home, and an agreed order to that effect was entered on June 30, 2005.[1]

---

1. See *June 30, 2005, Journal Entry and Order Requiring Debtors to Make Monthly Payments to Trustee*, in Appellant's Appendix ("App.") at 11–12; *August 22, 2005, Journal Entry and Order Granting Trustee's Complaint for Avoidance of Non–Perfected Security Interest*, in App. at 13–15.

Thereafter, a dispute arose between Nazar and the Bank as to the value of Nazar's interest in the mobile home. Bank argued that the mobile home had no value. Nazar contended that his interest in the mobile home extended to the stream of payments which the Debtors were making under the terms of their loan agreement with the Bank. The bankruptcy court held an evidentiary hearing on the issue. Bank presented evidence which would have supported a finding that the value of the mobile home was between zero and five thousand dollars, and the value of the real estate was twenty thousand dollars. The bankruptcy court determined that the value of the mobile home was $5,000 and the value of the real estate was $20,000.

Nazar argued that the value of the Trustee's lien interest was $12,916. This figure was arrived at by taking the current amount owed to the Bank ($51,667.14) and allocating 20% of that amount to the mobile home, using the ratio of value of the mobile home to the value of all of the mobile home and the real estate ($5,000/$25,000). The bankruptcy court rejected the Trustee's argument regarding allocation of a portion of the debt owed to the Bank to the Trustee. An order was entered granting the Trustee a $5,000 *in rem* secured claim against the mobile home, and allowing the Trustee to recover 20% of each payment made by the Debtors under the terms of their loan with the Bank until the $5,000 was paid in full. The Trustee appealed.

While this method of realization upon an avoided lien seems somewhat novel, it is not at issue in this appeal. Bank does not contest the forced allocation of payments. We offer no opinion as to whether a trustee or a lender could be compelled to accept such payments in lieu of more traditional means of lien foreclosure or satisfaction.

## II. Appellate Jurisdiction

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[2] Neither party elected to have this appeal heard by the United States District Court for the District of Kansas. The parties have thus consented to appellate review by this Court.

A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' "[3] In this case, the decision of the bankruptcy court terminated the adversary proceeding at issue. Nothing remains for the bankruptcy court's consideration. Thus, the decision is final for purposes of review.

## III. Standard of Review

There are no factual disputes before the Court. The issues presented in this appeal are issues of law. Questions of law are reviewable *de novo*.[4] *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision.[5]

---

**2.** 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002.

**3.** *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

**4.** *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

**5.** *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## IV. Discussion

■ For our purposes, the real estate has a value of $20,000, and the mobile home is worth $5,000. Debtors owe the Bank in excess of $51,000, an amount greater than the value of the real estate and the mobile home. Debtors, without reaffirming the debt owed to the Bank, are currently paying that debt according to its terms. The Trustee has avoided the lien upon the mobile home. The question goes to the scope of the rights held by the Trustee as a result of the lien avoidance. The Trustee contends that his lien interest extends to the stream of payments being made by the Debtors. The Bank contends that the lien which was avoided encumbered the mobile home and no more. Put another way, does the trustee have an interest in the mobile home or an interest in the income stream which the Bank may receive? The bankruptcy court found that the Trustee's rights extended only to the mobile home and not the income stream. We agree, and find prior decisions of this Court to be determinative of the issue.

In *Morris v. St. John National Bank (In re Haberman),*[6] the trustee successfully avoided a lien upon a motor vehicle. The vehicle had a value of $2,000, but the debt owed to the lender secured by the vehicle was $3,237.50. While the bankruptcy was pending, the debtors voluntarily paid the lender the entire amount due. The trustee argued that he was entitled to recover the entire $3,237.50 from the bank that had received the payments, while the bank took the position that the trustee was entitled to $2,000, and not a penny more. The bankruptcy court ruled in favor of the bank. The Bankruptcy Appellate Panel noted that

The Trustee avoided the Bank's lien using his status as a judicial lien creditor pursuant to 11 U.S.C. § 544(a). Once the lien was avoided, it was automatically preserved for the benefit of the bankruptcy estate, and the Trustee inherited the position of the entity whose lien was avoided, i.e., he inherited the position of the Bank. 11 U.S.C. §§ 544(a), 551. Section 551 does not elevate the status of the avoided lien, but is intended to prevent junior lien holders "from improving their position at the expense of the estate when a senior lien is avoided." *In other words, § 551 only preserves the transfer that has been avoided—in this case, the Bank's security interest in the vehicle—but does not expand or otherwise enhance the status of the avoided lien. Other rights of the creditor whose lien has been avoided are not preserved for the benefit of the estate. 5 Collier on Bankruptcy* ¶ 551.02[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2006).[7]

The court in *Haberman* rejected the same argument advanced by the Trustee in this case:

Once the lien was avoided and preserved for the estate, the Trustee argues that he succeeded to the avoided creditor's interest in the property, which he believes to be the entire amount owed to the creditor on the date of bankruptcy. He bases this belief on the possibility that a creditor *could* recover more than the value of the collateral if the debtor elects to keep the collateral and pay the debt in full. This, however, ignores the fact that a creditor under that scenario could not rely on its lien on the collateral to ensure full recovery of the debt unless the collateral is worth at least as much as the debt. If the debtor de-

---

6. 347 B.R. 411 (10th Cir. BAP 2006).

7. *Id.* at 414–15 (footnotes omitted) (emphasis added).

faults, the creditor is forced to repossess and sell the collateral, and if the sale proceeds are insufficient to satisfy the debt in full, the creditor is left with an unsecured deficiency claim. The creditor is not secured simply because of a debtor's promise to pay. The Trustee does recognize this fact since he admits as a practical matter that if a debtor surrenders the collateral all a trustee would be entitled to is the value of that collateral.[8]

The bankruptcy court decision was affirmed, and the trustee was limited in his recovery to the value of the vehicle.

In *Morris v. Vulcan Chemical Credit Union (In re Rubia),*[9] the Chapter 7 trustee successfully avoided a lien upon a motor vehicle. While the matter was pending, the debtor continued to make payments to the secured creditor, a credit union. Upon avoiding the lien, the trustee sought an order compelling the credit union to turn over the post-petition payments to the trustee. The bankruptcy court denied the trustee's request, and the Bankruptcy Appellate Panel affirmed. In doing so, the appellate court noted that

> [t]he Trustee holds the lien position that VCCU [the credit union] held in the Ranger prior to the lien's avoidance. The value of the Trustee's lien position is measured by the value of the Ranger, but it is limited by the amount of the debtor's debt to VCCU on the petition date. The Trustee has no right to any payment made to VCCU on the debt, but rather he only has rights in the

Ranger up to the amount of VCCU's debt on the petition date.[10]

In *Rubia,* the vehicle was worth more than the debt owed against it; accordingly, the value of the trustee's interest was limited by the amount owed to the credit union. In both *Haberman* and *Rubia,* this Court reached the same conclusion: when a trustee avoids a lien, he or she has an interest in the property subject to the lien. A trustee has no interest in the underlying debt or any stream of payments which the underlying debt might generate.

In the present case, the relief which Nazar seeks is directly contrary to the holdings of *Rubia* and *Haberman.* He is not satisfied with receiving the value of the mobile home; instead, he wishes to be paid an amount in excess of that value, based upon the payments that the Debtors are voluntarily making to the Bank. The decision of the bankruptcy court that he is not entitled to such relief is correct, and shall be affirmed.

■ On appeal, Nazar argues that, should he not prevail on his income stream theory, he is entitled to receive interest on the $5,000 he will receive over time. This argument was not raised to the trial court; indeed, the complaint filed by the Trustee contains no request for such relief.[11] It is well established that an appellate court will not entertain an issue that was not first presented to the trial court.[12] Accordingly, we decline to review the issue of whether Nazar was entitled to interest on the payments which he will receive.

8.  *Id.* at 415.

9.  257 B.R. 324 (10th Cir. BAP 2001), *aff'd,* 23 Fed.Appx. 968 (10th Cir.2001).

10.  257 B.R. at 328 (citations omitted) (footnote omitted).

11.  *See Complaint for Avoidance of Non–Perfected Security Interest* at ¶ 9, *in* App. at 2.

12.  *See Employers Reinsurance Corp. v. Mid–Continent Cas. Co.,* 358 F.3d 757, 769 (10th Cir.2004) (quoting *Hynes v. Energy W., Inc.,* 211 F.3d 1193, 1201–02 (10th Cir.2000)).

## V. Conclusion

The decision of the bankruptcy court is affirmed.